IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: DARYL FRANK SWARTZ | : | CHAPTER 13 |
| ELAINE RENEE SWARTZ | : | |
| Debtor | : | |
| | : | |
| JACK N. ZAHAROPOULOS | : | |
| STANDING CHAPTER 13 TRUSTEE | : | |
| | : | |
| vs. | : | CASE NO. 1: 19-bk-01790-HWV |
| | : | |
| LAWRENCE V. YOUNG, ESQUIRE | : | |
| Applicant | : | |

## TRUSTEE'S OBJECTION TO EIGHTH APPLICATION OF ATTORNEY FOR CHAPTER 13 DEBTOR FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

AND NOW, this 20th day of May, 2022, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, by and through his attorney Douglas R. Roeder, Esquire, who objects, pursuant to 11 U.S.C. § 330(a)(2), to the Eighth Application of Attorney for Chapter 13 Debtor for Compensation and Reimbursement of Expenses filed on May 3, 2022 and states as follows:

1. Objectant Jack N. Zaharopoulos is the duly appointed Trustee in this case and, therefore, the representative of the Estate under § 323(a).

2. On April 26, 2019, Debtor filed a Petition under Chapter 13 of the Bankruptcy Code.

3. On May 3, 2022, Applicant filed his Final Application for Interim Compensation and Reimbursement of Expenses. (ECF No.109)

4. The District has determined that $4,500.00 is a presumptively reasonable fee for an attorney representing a Debtor in a Chapter 13 Bankruptcy filed in this District throughout the conclusion of the case. L.R. 2016-2 (c)

1

5. Prior to the most recent fee request, Applicant has received compensation and reimbursement of expenses in this case totaling $38,189.64. This includes a retainer in the amount of $2,400. (ECF No. 26, 39, 55, 64, 72, 87, 97)

6. Applicant's Eighth Fee Application requests an additional $8,943.98 in fees. (ECF No. 109)

7. The Eighth Fee Application includes charges for services that are duplicative and excessive relative to the complexity of the services performed and are therefore not allowable under § 330(a). Section § 330(a)(6) provides: "Any compensation awarded for the preparation of a fee application shall be based on the level and skill reasonably required to prepare the application."

8. On March 16, 2022 Paralegal charged one hour and 12 minutes for "First draft of Eight Fee Application including Exhibits, Summary, Notice, proposed Order, Narrative and Certificates of Service; Drafting of cover letter to clients forwarding the Eight Fee Application for their review." Then on April 12, 2022 Paralegal charged an additional one hour and 12 minutes for "Draft of Eighth Fee Application including Exhibits, Summary, Notice, and proposed Order, Drafting of cover letter to clients forwarding the Eighth Fee Application for their review." The debtor was charged $264 for these services that are duplicative and unnecessary to the administration of the case.

2

WHEREFORE, the Trustee respectfully requests this Honorable Court to set a hearing on the Application and, after hearing, appropriately adjust Applicant's request for compensation.

Respectfully submitted,

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097


BY: /s/ Douglas R. Roeder
Attorney for Trustee

3

# CERTIFICATE OF SERVICE

AND NOW, this 20th day of May 2022, I, Elizabeth Fitzgerald, hereby certify that I served a copy of this Objection either electronically or by depositing the same in the United States Mail, at Hummelstown, Pennsylvania, postage prepaid, first class, addressed to the following:

Lawrence V. Young, Esquire
135 North George Street
York, PA 17401
E:lyoung@cgalaw.com

        /s/ Elizabeth Fitzgerald
        Paralegal for Chapter 13 Trustee
        8125 Adams Drive, Suite A
        Hummelstown, PA 17036
        (717) 566-6097

4

Case 1:19-bk-01790-HWV    Doc 112    Filed 05/20/22    Entered 05/20/22 14:12:23    Desc
Main Document    Page 4 of 4