IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DARYL FRANK SWARTZ<br>    Debtor | : CHAPTER 13<br>:<br>: |
| JACK N. ZAHAROPOULOS<br>STANDING CHAPTER 13 TRUSTEE<br>    Objectant | :<br>:<br>:<br>: |
|     vs. | : CASE NO. 1:19-bk-01790-HWV<br>: |
| LAWRENCE V. YOUNG, ESQUIRE<br>    Applicant | :<br>: |

**TRUSTEE'S OBJECTION TO NINTH
APPLICATION OF ATTORNEY FOR CHAPTER 13 DEBTOR
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

AND NOW, this 5th day of October, 2022, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, by and through his attorney Douglas R. Roeder, Esquire, who objects, pursuant to 11 U.S.C. § 330(a)(2), to the Ninth Application of Attorney for Chapter 13 Debtor for Compensation and Reimbursement of Expenses filed on September 15, 2022 and states as follows:

**Facts**

1. Objectant Jack N. Zaharopoulos is the duly appointed Trustee in this case and, therefore, the representative of the Estate under § 323(a).

2. On April 26, 2019, Debtor filed a Petition under Chapter 13 of the Bankruptcy Code.

3. On September 15, 2022, Applicant filed his Ninth Application for Interim Compensation and Reimbursement of Expenses. (ECF No. 120).

4. The District has determined that $4,500.00 is a presumptively reasonable fee for an attorney representing a Debtor in a Chapter 13 Bankruptcy filed in this District throughout the conclusion of the case.  L.R. 2016-2 (c)

1

5. Applicant's Ninth Fee Application requests $3,772.10 in compensation and reimbursement of expenses. (ECF No. 120).

6. Applicant received a retainer in the amount of $2,400 paid direct at the beginning of the case which would bring their total fees and expenses to approximately $50,641.72 should the Ninth Fee Application be approved. (ECF No.26, 39, 55, 64,72, 87, 97, 109, 120).

### **Applicable Law**

7. Under § 330(a), the Court may award reasonable compensation for actual, necessary services rendered by the attorney and paraprofessionals employed by the attorney, the reasonableness to be based on (i) the nature of the services, (ii) the extent of the services, (iii) the value of the services, (iv) the time spent on the services and (v) the cost of comparable services in non-bankruptcy cases. *See In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 840 (3rd Cir. 1994).

8. Chapter 13 debtors' attorneys may be awarded fees pursuant to § 330(a)(4)(B), which allows reasonable fees for representing the interests of Chapter 13 debtors in connection with the bankruptcy case "based on consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." Attorney fees are subject to Court review for reasonableness irrespective of whether the debtor is in agreement with the fee amount. § 329(b); *In re Parilla*, 530 B.R. 1, 10 (Bankr. D.P.R. 2015).

9. The Third Circuit has noted that "[d]isagreeable as the chore may be, the bankruptcy court must protect the estate, lest overreaching attorneys or other professionals drain it of wealth which by right should inure to the benefit of unsecured creditors." *Busy Beaver,* 19 F.3d at 844 (citation omitted).

10. The "court shall not allow compensation for (i) unnecessary duplication of services; or (ii) services that were not (I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case." § 330(a)(4)(A).

11. The Court may use a percentage deduction as a practical means of "trimming fat from a fee application" if the Court determines that some of the time claimed by a party should be excluded. *In re Nicholas*, 496 B.R 69, 76 (Bankr. E.D.N.Y. 2011). *See* also *In re Old Summit Mfg., LLC*, 323 BR. 154, 162-163 (Banr. MD. Pa. 2004) (50% reduction); *In re Sullivan,* 674 F.3d 65 (1st Cir. 2012); *In re Claudio*, 459 B.R. 500 (Bankr. D. Mass. 2011); *In re Spillman Dev. Grp., Ltd.,* 376 B.R. 543 (Bankr. W.D. Tex. 2007).

12. Additionally, with regard to defending fee applications, the Supreme Court has been clear in stating: "Section 330(a)(1) itself does not authorize the award of fees for defending a fee application, and that is the end of the matter." *Baker Botts LLP v. Asarco LLC*, 135 S. Ct. 2158, 2169 (2015).

13. Finally, under 11 U.S.C. § 1325(a)(6) a debtor must be able to make all payments under the plan and comply with the plan. Moreover, LR 2016-2(a) states that "After the petition is filed, an attorney may not receive payment of fees except through the chapter 13 plan, unless payment is otherwise approved by the Court."

## Analysis and Facts Specific to the Present Fee Application

14. The Trustee avers, the Ninth Fee Application is not reasonable for the following reasons:

  a. The Fee Application includes charges that are for the defense of a Fee Application which are not allowed under § 330(a):

3

1) On May 24, 2022 Applicant charged .2 hours in the amount of $72 to "Review Objection to Fee Motion filed by the Chapter 13 Trustee; Telephone call to Attorney Dan Roeder consenting to a voluntary reduction." This entry reflects a response to an objection filed by the Chapter 13 Trustee's Office relating to one of Applicant's Fee application. This negotiation would therefore be in defense of a Fee Application and should not be allowed.

2) Further, on June 1, 2022 Applicant charged .3 hours in the amount of $108 for "On May 31, 2022 review the Trustee's Objection to our most recent Motion to have fees approved; Telephone call to Attorney Doug Roeder to come to an agreement on the reduction to counsel fees; instruct Paralegal Brayboy accordingly." This entry is was also made as a direct result of defending a fee application and should not be allowed.

b. The Trustee further avers the fees billed for the defense of Applicant's Fee Application are excessive relative to the complexity of the task. Debtor was charged $180 for Applicant to negotiate their fees with the Chapter 13 Trustee's Office made necessary by Applicant's error resulting in an Objection being filed by the Chapter 13 Trustee's Office. Accordingly, debtor should not be charged.

15. Finally, the last paragraph of Applicant's proposed order to grant the Ninth Fee Application violates both § 1325(a)(6) and LR 2016-2(d). Said paragraph reads as follows:

4

> It is further Ordered that to the extent that approval of these fees underfund the Chapter 13 Plan, the Chapter 13 Trustee is directed to pay to the CGA Law Firm the amount available within the current Plan to the funding limit, *with the unpaid balance either to be paid outside of the Plan or to be paid in the plan if an Amended Plan is requested and approved. In that event, the unpaid attorney's fees are not discharged, but will survive the Discharged of Debtor' (s) Chapter 13 case, and can be paid after the Discharge of the Chapter 13, outside of the Plan.*

ECF No. 120-3 (emphasis added).

16. Although the fees in the present case do not underfund the plan, this language in the proposed order would require the Debtor to pay the Applicant's fees outside the plan. The payment of the fees through the plan is then conditioned on whether or not an amended plan is filed, and any additional fees would then still be granted regardless whether or not the plan is funded to support the fees. Such a provision runs contrary to § 1325(a)(6), and LR 2016-2(a) which provide the debtor must be able to make all payments in the plan, and comply with the plan, unless otherwise ordered by the court.

17. Accordingly, any language allowing for payment of fees outside of the plan should be excluded from the proposed order, especially here since the plan is fully funded even if the additional requested fees are allowed.

WHEREFORE, the Trustee respectfully requests this Honorable Court to set a hearing on the Application and, after hearing, appropriately adjust Applicant's request for compensation.

    Respectfully submitted,

    Jack N. Zaharopoulos
    Standing Chapter 13 Trustee
    8125 Adams Drive, Suite A
    Hummelstown, PA 17036
    (717) 566-6097

BY:   /s/ Douglas R. Roeder
        Attorney for Trustee

# CERTIFICATE OF SERVICE

AND NOW, this 5th day of October, 2022, I, Elizabeth Fitzgerald, hereby certify that I served a copy of this Objection either electronically or by depositing the same in the United States Mail, at Hummelstown, Pennsylvania, postage prepaid, first class, addressed to the following:

Lawrence V. Young, Esquire
135 North George St.
York, PA 17401
lyoung@cgalaw.com

                                                  /s/Elizabeth Fitzgerald
Paralegal for Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097