IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
|    Daryl F. Swartz | : | Chapter 13 |
|    Elaine Swartz | : | |
|       Debtors | : | |
| | : | Case No. 1:19-01790 |
| Central Penn Capital Management, LLC | : | |
|       Movant | : | |
| | : | Answer to |
| v. | : | Motion for Relief from Stay |
| | : | |
| Daryl F. Swartz | : | |
| Elaine Swartz | : | |
|       Respondents | : | |

RESPONDENT'S REPLY TO MOTION FOR
RELIEF FROM AUTOMATIC STAY OF SECURED CREDITOR

AND NOW, this 22nd day of March, 2023, come the respondents, Daryl F. Swartz and Elaine Swartz, by and through counsel, the CGA Law Firm and Lawrence V. Young, Esquire, and does file the within response averring that:

## PARTIES

1. Admitted.

2. Admitted.

3. Admitted.

4. That the loan itself is admitted. It must be further pointed out, however, that balance due at the present time is under the sum of $400,000.00 and that the Debtors have not missed or been late with any of the payments due on this obligation.

5. Admitted.

6. The documents speak for themselves.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted. It must be also pointed out, however, the COVID lockdown prohibited the Respondents from opening up their property, a personal care facility, to outside visitors for the purpose of attempting to sell it.

13. Admitted.

14. Admitted, except that the COVID situation appeared to be far more serious than anybody originally anticipated, and fully extended to prohibit the showing of the facility, a thirty-one (31) bed personal care home, to outsiders. In fact, family members were prohibited from entering the premises during this time period.

15. Admitted.

16. Admitted, but incorporating the points regarding COVID made above.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted, with emphasis on the fact the Trustee withdrew its objection in part because the Debtors were being entitled to five (5) years under the

applicable sections of the Bankruptcy Code and it had only been four (4) years since the case was filed.

21. Admitted, and incorporating all prior paragraphs.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted. Special emphasis must be placed on the fact that all monthly payments have been made in a timely fashion since the date of the petition, and that it has not even been four (4) years from the date of filing of the petition.

27. Although no specific breakdown of Attorney fees have been rendered and no admission made as to those fees, the Debtors acknowledge the amount due for the principal, interest and " other fees."

## ARGUMENT

28. No specific response is required to the arguments made. Based on the fact that the business is believed to have a value an excess of $2,000,000.00, the outstanding balance to the movant is less than $400,000.00, to grant the motion to lift the automatic stay would, effectively, likely deny all other creditors of the ability to be paid from the sale of this real estate unless they were able to pay off the first lien in the amount of $400,000.00, and would likely result in either a windfall to the Movant or a loss to all of the creditors.

29. Based upon the fact that all monthly payments to the movant have been made, and based upon the fact that, by the Bankruptcy Code, there still exist time within which a Chapter 13 Plan can be fulfilled, and coupling that with the restrictions COVID placed upon personal care facilities (nursing homes) to be lockdown and to prohibited outside visitors, it is believed that the relief requested should be denied. The Movant will suffer no lost and no harm as it is being paid at a rate of 12% interest on this loan. The interest of the Movant is more than adequately protected both by the monthly payments being made and by the fact that significate equity exist in the property.

WHEREFORE, it is requested that the within Motion be denied relief sought not be granted.

Respectfully submitted,
CGA Law Firm

/s/ Lawrence V. Young
Lawrence V. Young, Esquire
Sup. Ct. I.D. No. 21009
135 North George Street
York, PA 17401
(717) 848-4900
Counsel for the Debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
|    Daryl F. Swartz | : | Chapter 13 |
|    Elaine Swartz | : | |
|       Debtors | : | |
| | : | Case No. 1:19-01790 |
| Central Penn Capital Management, LLC | : | |
|       Movant | : | |
| | : | Answer to |
| v. | : | Motion for Relief from Stay |
| | : | |
|    Daryl F. Swartz | : | |
|    Elaine Swartz | : | |
|       Respondents | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2023, service upon all interested parties indicated below was made by sending a true and correct copy of the Answer to Motion for Relief, by ECF and/or regular US Mail, postage prepaid, upon:

Jack N. Zaharopoulos, Esquire
Chapter 13 Trustee
ECF

Kate Deringer Sallie, Esquire
4201 East Park Circle
Harrisburg, Pennsylvania 17111

                                                /s/ Lawrence V. Young
                                                Lawrence V. Young, Esquire

{02264433/1}