IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: DARYL FRANK SWARTZ | : | CHAPTER 13 |
| ELAINE RENEE SWARTZ | : | |
| Debtor | : | |
| | : | |
| JACK N. ZAHAROPOULOS | : | |
| STANDING CHAPTER 13 TRUSTEE | : | |
| Objectant | : | |
| | : | |
| vs. | : | |
| | : | |
| LAWRENCE V. YOUNG, ESQUIRE | : | CASE NO. 1:19-bk-01790-HWV |
| Applicant | : | |

**TRUSTEE'S OBJECTION TO TENTH
APPLICATION OF ATTORNEY FOR CHAPTER 13 DEBTOR
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

AND NOW, this 31st day of March, 2023, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, by and through his attorney Douglas R. Roeder, Esquire, who objects, pursuant to 11 U.S.C. § 330(a)(2), to the Tenth Application of Attorney for Chapter 13 Debtor for Compensation and Reimbursement of Expenses filed on March 21, 2023 and states as follows:

**Facts**

1. Objectant Jack N. Zaharopoulos is the duly appointed Trustee in this case and, therefore, the representative of the Estate under § 323(a).

2. On April 26, 2019, Debtor filed a Petition under Chapter 13 of the Bankruptcy Code. (ECF No. 1).

3. On March 21, 2023, Applicant filed his Tenth Application for Interim Compensation and Reimbursement of Expenses. (ECF No. 136).

4. Applicant's Tenth Fee Application requests $7,368.41 in compensation and reimbursement of expenses. (ECF No. 136).

1

5. The District has determined that $4,500.00 is a presumptively reasonable fee (PRF) for an attorney representing a Debtor in a Chapter 13 Bankruptcy filed in this District throughout the conclusion of the case. L.R. 2016-2 (c)

6. Applicant's fees in the case total approximately $57,746.13 (i.e. almost 13 times the PRF) including a retainer in the amount of $2,400.00 paid direct at the beginning of the case. (ECF No. 31, 44, 57, 67,72, 78, 99, 117, 126, 136).

### Applicable Law

7. This Honorable Court "considers the PRF as a guide or 'starting point' to what should be considered a 'reasonable fee in a routine Chapter 13 case in this District." *In re Badyrka*, No. 5:20-20-03618-MJC, 2022 WL 4656034 at *6 (Bankr. M.D. Pa. Sept. 30, 2022) (citation omitted).

8. Under § 330(a), the Court may award reasonable compensation for actual, necessary services rendered by the attorney and paraprofessionals employed by the attorney, the reasonableness to be based on (i) the nature of the services, (ii) the extent of the services, (iii) the value of the services, (iv) the time spent on the services and (v) the cost of comparable services in non-bankruptcy cases. *See In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 840 (3rd Cir. 1994).

9. Chapter 13 debtors' attorneys may be awarded fees pursuant to § 330(a)(4)(B), which allows reasonable fees for representing the interests of Chapter 13 debtors in connection with the bankruptcy case "based on consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section." Attorney fees are subject to Court review for reasonableness irrespective of whether the debtor is in agreement with the fee amount. § 329(b); *In re Parilla*, 530 B.R. 1, 10 (Bankr. D.P.R. 2015).

10. The Third Circuit has noted that "[d]isagreeable as the chore may be, the bankruptcy court must protect the estate, lest overreaching attorneys or other professionals drain it of wealth which by right should inure to the benefit of unsecured creditors." *Busy Beaver,* 19 F.3d at 844 (citation omitted).

11. The "court shall not allow compensation for (i) unnecessary duplication of services; or (ii) services that were not (I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case." § 330(a)(4)(A).

12. The Court may use a percentage deduction as a practical means of "trimming fat from a fee application" if the Court determines that some of the time claimed by a party should be excluded. *In re Nicholas*, 496 B.R 69, 76 (Bankr. E.D.N.Y. 2011). *See* also *In re Old Summit Mfg., LLC*, 323 BR. 154, 162-163 (Banr. MD. Pa. 2004) (50% reduction); *In re Sullivan,* 674 F.3d 65 (1st Cir. 2012); *In re Claudio*, 459 B.R. 500 (Bankr. D. Mass. 2011); *In re Spillman Dev. Grp., Ltd.,* 376 B.R. 543 (Bankr. W.D. Tex. 2007).

13. Judge France previously stated "[a] bankruptcy court must balance adequately compensating attorneys in order to encourage competent counsel to represent bankruptcy debtors with insuring that the costs of administration do not consume assets that otherwise would be available to creditors. In making a fee determination, the court must take into consideration whether the professional exercised "reasonable billing judgment." *In re Fontaine*, 2015 WL 5162557, at *3 (Bankr. M.D Pa. 2015).

14. Finally, under 11 U.S.C. § 1325(a)(6) a debtor must be able to make all payments under the plan and comply with the plan. Moreover, LR 2016-2(a) states that "After the petition is filed, an attorney may not receive payment of fees except through the chapter 13 plan, unless payment is otherwise approved by the Court."

3

## Analysis and Facts Specific to the Present Fee Application

15. The Trustee avers that the number of fee applications filed in addition to the fees charged are excessive. There do not appear to have been any issues presented in the case that would warrant compensation and expenses in the amount of $57,746.13 where the PRF is $4,500.

16. The Trustee avers, the Tenth Fee Application is not reasonable for the following reasons:

   a. The Fee Application includes charges that are for the excessive which are not allowed under § 330(a):

      1) On September 20, 2022, Applicant charged .2 hours in the amount of $72.00 for "Letter to client forwarding the Chapter 13 Trustee's report with my comments", which is excessive where the task could have been delegated and charged at a lower rate. (ECF No. 136-1);

      2) On October 3, 2022, Applicant charged .2 hours in the amount of $72.00 for "Email to Elaine (copy to Alex and Brian) regarding the status of preparation of a tax return and status of efforts to sell the premises", which is excessive where the task could have been delegated and charged at a lower rate. (ECF No. 136-1);

      3) On October 3, 2022, Applicant charged .4 hours in the amount of $144.00 for "Telephone call from Brian regarding the situation with the CPA to complete the tax returns to ascertain the IRS debt", which is excessive where the task could have been delegated and charged at a lower rate. (ECF No. 136-1);

4

4) On November 16, 2022, Applicant charged .2 hours in the amount of $72.00 for "E-mail exchange with Elaine, Alex and Brian regarding Scheduling a phone conference call today rather than an in-person meeting" which is excessive where the task could have been delegated and charged at a lower rate. (ECF No. 136-1);

5) On February 1, 2023, Paralegal charged .3 hours in the amount of $36.00 to "Convert documents to send to Attorney Sallie" which is clerical in nature and should otherwise not be charged. (ECF No. 136-1).

WHEREFORE, the Trustee respectfully requests this Honorable Court to set a hearing on the Application and, after hearing, appropriately adjust Applicant's request for compensation.

Respectfully submitted,

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY:    /s/ Douglas R. Roeder____
Attorney for Trustee

5

# CERTIFICATE OF SERVICE

AND NOW, this 31st day of March, 2023, I, hereby certify that I served a copy of this Objection either electronically or by depositing the same in the United States Mail, at Hummelstown, Pennsylvania, postage prepaid, first class, addressed to the following:

Lawrence V. Young, Esquire
135 North George St.
York, PA 17401
lyoung@cgalaw.com

                                                /s/Deborah A. Behney
                                                Office of Jack N. Zaharopoulos
                                                Standing Chapter 13 Trustee
                                                8125 Adams Drive, Suite A
                                                Hummelstown, PA 17036
                                                (717) 566-6097