IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>DARYL F. SWARTZ and ELAINE SWARTZ,<br><br>　　　　　　　Debtors.<br><br>CENTRAL PENN CAPITAL MANAGEMENT, LLC<br><br>　　　　　　　Movant<br><br>v.<br><br>DARYL F. SWARTZ and ELAINE SWARTZ<br><br>　　　　　　　Respondents | Chapter 13<br><br>Case No. 1-bk-19-01790 (HWV) |

## CENTRAL PENN CAPITAL MANAGEMENT'S
## MOTION TO APPROVE STIPULATION

NOW COMES, Central Penn Capital Management ("CPCM"), by and through its counsel, Pillar+Aught, hereby requests that the Court enter an order pursuant to Section 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the Stipulation (the "Stipulation"), attached hereto as **Exhibit A** by CPCM and Daryl F. Swartz and Elaine Swartz (the "Debtors", and together with CPCM, the "Parties"). In support of this Motion, CPCM respectfully states as follows:

### BACKGROUND

1. CPCM is the holder of that certain loan made to the Debtors in the original principal amount of $1,600,000.00 dated December 29, 2003 (the "Loan"), as evidenced by that certain

1

929456 7

Case 1:19-bk-01790-HWV    Doc 154    Filed 04/26/23    Entered 04/26/23 12:16:33    Desc
Main Document    Page 1 of 6

Promissory Note dated December 29, 2023 (the "Note," a copy of which is attached hereto as Exhibit "A" and incorporated herein by reference), which Loan is secured by that certain Mortgage (the "Mortgage") dated December 29, 2003 on 14146 Horse Valley Road, Orrstown, PA 17244 (the "Residence") and 3329 Orrstown Road, Orrstown, PA 17244 (the "OPCH Property"). Orrstown Personal Care Home, Inc. ("OPCH") is the operating entity for the personal care home business that operates at the OPCH Property (the business operations and the Mortgaged Property shall collectively be referred to herein as the "Business").

2. CPCM worked with the Debtors for a number of years with respect to repayment of the Loan, including through a Forbearance Agreement dated December 2, 2016, as amended (the "Forbearance Agreement").

3. The Note, Forbearance Agreement, Mortgage and all other documents evidencing the Loan are hereinafter referred to as the "Loan Documents."

4. On April 26, 2019, Debtors filed a voluntary Chapter 13 Petition (the "Petition Date") in the United States Bankruptcy Court for the Middle District of Pennsylvania (the "Bankruptcy Court").

5. On June 26, 2019, CPCM filed a Proof of Claim evidencing the amount owed on the Mortgage Loan in accordance with 11 U.S.C. § 501 (the "Proof of Claim"). A true and correct copy of the Proof of Claim is attached hereto and incorporated herein as Exhibit "B" and includes a true and correct copy of the Mortgage, which is also incorporated herein by reference.

6. On May 19, 2022, the Court entered an order confirming the Sixth Amended Chapter 13 Plan (the "Plan"), in which the Debtor agreed to make regular mortgage payments outside of the Plan and sell the Business on or before March 31, 2023, seeking a one-year extension to sell the Business.

7. On March 16, 2023, CPCM filed an Objection to the Fourth Motion to Modify and the Seventh Amended Plan ("Objection") and filed a Motion for Relief from the Automatic Stay ("Stay Relief Motion").

8. In order to resolve the Objection and Stay Relief Motion and to allow the Debtor an opportunity to continue to proceed under the Seventh Amended Plan, CPCM agreed to the one-year extension conditioned upon certain terms as set forth in the Stipulation attached hereto as Exhibit "C" (the "Stipulation"), which is incorporated herein by reference.

9. By this motion, and pursuant to Federal Rule of Bankruptcy Procedure 9019(a), the Debtor seeks the entry of an order, in the form annexed hereto, approving the compromise and release described in the Stipulation.

## JURISDICTION AND VENUE

10. This Court has jurisdiction to consider the motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Federal Rule of Bankruptcy Procedure 9019(a).

## THE LEGAL STANDARDS

11. Federal Rule of Bankruptcy Procedure 9019(a) provides, in relevant part, as follows:

> (a) Compromise. On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement . . . .

Federal Rule of Bankruptcy Procedure 9019(a).

12. The standards by which courts evaluate a proposed compromise and settlement are well established. In essence, the settlement standards balance the probable success and potential costs of pursuing claims or defenses against the benefits and costs of the proposed settlement. However, courts need not conduct an independent investigation in formulating an opinion as to the reasonableness of a settlement. Rather, the Court is permitted to defer to the judgment of the Debtor, and the Court's responsibility is to canvas the issues to determine whether the proposed settlement "falls below the lowest point in a range of reasonableness." In re Pennsylvania Trucklines, Inc., 150 B.R. 595, 601 (E.D. Pa. 1992), aff'd, 8 F.3d 812 (3d Cir. 1993); In re Grant Broadcasting of Phila., Inc., 71 B.R. 390, 395 (Bankr. E.D. Pa. 1987). Accordingly, courts will approve a compromise and settlement if it is fair and equitable and is in the best interests of creditors and the estate. See, e.g., In re Martin, 91 F.3d 389 (3d Cir. 1996).

13. In reviewing the appropriateness of proposed settlements, courts apply the following factors in addition to reviewing the terms and conditions of the settlement themselves.

    (a) The probability of success in the litigation;

    (b) The difficulty in collecting any judgment which may be obtained;

    (c) The complexity of the litigation involved and the expense, inconvenience and delay necessarily attendant to it;

    (d) The interests of creditors and shareholders with a proper deference to their reasonable views of the proposed settlement. See, e.g., Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 88 S.Ct. 1157, 1163, 20 L.Ed. 2d 1, 9-10 (1968); In re Martin, supra; In re Medical Asset Management, Inc.; 249 B.R. 659 (Bankr. W.D. Pa. 2000); In re Culmtech, Ltd., 118 B.R. 237, 238 (Bankr. M.D. Pa. 1990). The Trustee submits that each of the above-cited factors weighs in favor of approval of the compromise described herein.

14. CPCM submits that the proposed Stipulation should be approved because (i) it is supported by sound business justification, (ii) it is reasonable, and (iii) the four factors referenced above weigh in favor of approval. The proposed Stipulation is in the best interest of the Debtors, creditors and its estate because it results in a fair and equitable compromise between the Debtors and CPCM with respect to the Loan and allows for the Debtors to continue to comply with the terms of the Plan.

15. No other or prior request for the relief sought herein has been made to this or any other court.

## No Prior Request

16. No previous request for the relief set forth herein has been made to this or any other Court.

## Conclusion

WHEREFORE, CPCM respectfully requests that the Court (1) grant the Motion and approve the Stipulation, (2) authorize the Debtors to enter into the Stipulation and perform all actions contemplated thereby, and (3) grant such other relief as the Court deems just.

Respectfully submitted,

PILLAR AUGHT LLC

By:     /s/ Kate Deringer Sallie
Kate Deringer Sallie, Esquire
4201 E. Park Circle
Harrisburg, PA 17111
(717) 308-9910

*Attorneys for Central Penn Capital Management, LLC*

Dated: April 26, 2023

## CERTIFICATE OF SERVICE

I, Kate Deringer Sallie, hereby certify that on the 26th day of April, 2023, I caused a true and correct copy of **Central Penn Capital Management, LLC's Motion to Approve Stipulation** to be served via the Court's CM/ECF electronic filing system.

/s/ Kate Deringer Sallie
Kate Deringer Sallie