# EXHIBIT "A"

# PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $1,160,000.00 | 12-29-2003 | | | | | SJSZA | |

References in the shaded area are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "***" has been omitted due to text length limitations.

**Borrower:** DARYL F SWARTZ (SSN: [redacted])
ELAINE R SWARTZ (SSN: [redacted])
14146 LOWER HORSE VALLEY ROAD
ORRSTOWN, PA 17244

**Lender:** ORRSTOWN BANK
ORRSTOWN OFFICE
3580 ORRSTOWN ROAD
P O BOX 60
ORRSTOWN, PA 17244

**Principal Amount: $1,160,000.00** **Date of Note: December 29, 2003**

Maturity Date: December 30, 2023

**PROMISE TO PAY.** DARYL F SWARTZ and ELAINE R SWARTZ ("Borrower") jointly and severally promise to pay to ORRSTOWN BANK ("Lender"), or order, in lawful money of the United States of America, the principal amount of One Million One Hundred Sixty Thousand & 00/100 Dollars ($1,160,000.00), together with interest on the unpaid principal balance from December 29, 2003, until paid in full.

**PAYMENT.** Subject to any payment changes resulting from changes in the Index, Borrower will pay this loan on demand. Payment in full is due immediately upon Lender's demand. If no demand is made, Borrower will pay this loan in accordance with the following payment schedule: 60 monthly consecutive principal and interest payments in the initial amount of $8,715.24 each, beginning January 30, 2004, with interest calculated on the unpaid principal balances at an initial interest rate of 6.500% per annum; and 180 monthly consecutive principal and interest payments in the initial amount of $7,641.68 each, beginning January 30, 2009, with interest calculated on the unpaid principal balances at an interest rate based on the Wall Street Prime (currently 4.000%), plus a margin of 0.500%, resulting in an initial interest rate of 4.500%. Borrower's final payment will be due on December 30, 2023 and will be for all principal and accrued interest not yet paid, together with any other unpaid amounts under this Note. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; then to any unpaid collection costs; and then to any late charges. The annual interest rate for this Note is computed on a 365/360 basis; that is, by applying the ratio of the annual interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. Borrower will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.

**VARIABLE INTEREST RATE.** For the first 60 payments, the interest rate on this Note will be 6.500%. Thereafter, the interest rate on this Note is subject to change from time to time based on changes in an independent index which is the Wall Street Prime (the "Index"). The Index is not necessarily the lowest rate charged by Lender on its loans. If the Index becomes unavailable during the term of this loan, Lender may designate a substitute index after notice to Borrower. Lender will tell Borrower the current Index rate upon Borrower's request. The interest rate change will not occur more often than each day. Borrower understands that Lender may make loans based on other rates as well. The Index currently is 4.000% per annum. The interest rate or rates to be applied to the unpaid principal balance of this Note will be the rate or rates set forth herein in the "Payment" section. Notwithstanding any other provision of this Note, after the first payment stream, the interest rate for each subsequent payment stream will be effective as of the last payment date of the just-ending payment stream. NOTICE: Under no circumstances will the interest rate on this Note be more than the maximum rate allowed by applicable law. Whenever increases occur in the interest rate, Lender, at its option, may do one or more of the following: (A) increase Borrower's payments to ensure Borrower's loan will pay off by its original final maturity date, (B) increase Borrower's payments to cover accruing interest, (C) increase the number of Borrower's payments, and (D) continue Borrower's payments at the same amount and increase Borrower's final payment.

**PREPAYMENT PENALTY.** Borrower agrees that all loan fees and other prepaid finance charges are earned fully as of the date of the loan and will not be subject to refund upon early payment (whether voluntary or as a result of default), except as otherwise required by law. Upon prepayment of this Note, Lender is entitled to the following prepayment penalty: Should Borrower prepay all or any amount of principal during the next five (5) years, the Borrower shall be assessed against the amount prepaid, a five percent (5.00%) prepayment penalty. The assessment percentage shall decrease one percent (1.00%) per annum to par. Lender acknowledges that excepted from this assessment will be principal payments that are generated as a result of operation of the business for which the loan was extended. Specifically not excepted will be any prepayments generated as a result of a refinancing at any other financial institution. Except for the foregoing, Borrower may pay all or a portion of the amount owed earlier than is due. Early payments will not, unless agreed to by Lender in writing, relieve Borrower or Borrower's obligation to continue to make payments under the payment schedule. Rather, they will reduce the principal balance due and may result in Borrower making fewer payments. . Except for the foregoing, Borrower may pay all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in Borrower's making fewer payments. Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language. If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note, and Borrower will remain obligated to pay any further amount owed to Lender. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: ORRSTOWN BANK, P.O. BOX 250 SHIPPENSBURG, PA 17257.

**LATE CHARGE.** If a payment is 16 days or more late, Borrower will be charged 5.000% of the regularly scheduled payment or $50.00, whichever is greater.

**INTEREST AFTER DEFAULT.** Upon default, including failure to pay upon final maturity, the total sum due under this Note will bear interest from the date of acceleration or maturity at the variable interest rate on this Note. The interest rate will not exceed the maximum rate permitted by applicable law.

**DEFAULT.** Each of the following shall constitute an event of default ("Event of Default") under this Note:

**Payment Default.** Borrower fails to make any payment when due under this Note.

**Other Defaults.** Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Death or Insolvency.** The death of Borrower or the dissolution or termination of Borrower's existence as a going business, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of

creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the loan. This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any Guarantor of any of the indebtedness or any Guarantor dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note. In the event of a death, Lender, at its option, may, but shall not be required to, permit the Guarantor's estate to assume unconditionally the obligations arising under the guaranty in a manner satisfactory to Lender, and, in doing so, cure any Event of Default.

**Adverse Change.** A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance of this Note is impaired.

**Insecurity.** Lender in good faith believes itself insecure.

**Cure Provisions.** If any default, other than a default in payment or failure to satisfy Lender's requirement in the Insufficient Market Value of Securities section is curable and if Borrower has not been given a notice of a breach of the same provision of this Note within the preceding twelve (12) months, it may be cured (and no event of default will have occurred) if Borrower, after receiving written notice from Lender demanding cure of such default: (1) cures the default within fifteen (15) days; or (2) if the cure requires more than fifteen (15) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**LENDER'S RIGHTS.** Upon default, Lender may, after giving such notices as required by applicable law, declare the entire unpaid principal balance on this Note and all accrued unpaid interest immediately due, and then Borrower will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

**JURY WAIVER.** Lender and Borrower hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or Borrower against the other.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all Borrower's accounts with Lender (whether checking, savings, or some other account). This includes all accounts Borrower holds jointly with someone else and all accounts Borrower may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. Borrower authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts, and, at Lender's option, to administratively freeze all such accounts to allow Lender to protect Lender's charge and setoff rights provided in this paragraph.

**PROPERTY INSURANCE.** Borrower understands that Borrower is required to obtain insurance for the collateral securing this Note. Further information concerning this requirement is set forth in the Security Agreement, Pledge Agreement and Mortgage and in the Agreement to Provide Insurance, all the terms and conditions of which are hereby incorporated and made a part of this Note.

**FINANCIAL INFORMATION.** The Borrower agrees to provide the Lender with Federal Tax Returns and/or CPA prepared Financial Statements and any other financial information, required by the Lender's Original Commitment Letter to the Borrower, on an annual basis. If the Lender does not receive the required financial information within two hundred seventy (270) days of the Borrower's fiscal year end, the Lender has the right to increase the interest rate charged on this Note by 0.25%. The Borrower shall receive written notification ten (10) days prior to the Lender increasing the interest rate charged on this Note.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**NOTIFY US OF INACCURATE INFORMATION WE REPORT TO CONSUMER REPORTING AGENCIES.** Please notify us if we report any inaccurate information about your account(s) to a consumer reporting agency. Your written notice describing the specific inaccuracy(ies) should be sent to us at the following address: ORRSTOWN BANK P.O. BOX 250 SHIPPENSBURG, PA 17257

**GENERAL PROVISIONS.** This Note is payable on demand. The inclusion of specific default provisions or rights of Lender shall not preclude Lender's right to declare payment of this Note on its demand. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Each Borrower understands and agrees that, with or without notice to Borrower, Lender may with respect to any other Borrower (a) make one or more additional secured or unsecured loans or otherwise extend additional credit; (b) alter, compromise, renew, extend, accelerate, or otherwise change one or more times the time for payment or other terms of any indebtedness, including increases and decreases of the rate of interest on the indebtedness; (c) exchange, enforce, waive, subordinate, fail or decide not to perfect, and release any security, with or without the substitution of new collateral; (d) apply such security and direct the order or manner of sale thereof, including without limitation, any non-judicial sale permitted by the terms of the controlling security agreements, as Lender in its discretion may determine; (e) release, substitute, agree not to sue, or deal with any one or more of Borrower's sureties, endorsers, or other guarantors on any terms or in any manner Lender may choose; and (f) determine how, when and what application of payments and credits shall be made on any other indebtedness owing by such other Borrower. Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail or decide not to perfect Lender's security interest in the collateral; and take any other action deemed necessary by Lender without the consent of or notice to anyone. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several. If any portion of this Note is for any reason determined to be unenforceable, it will not affect the enforceability of any other provisions of this Note.

**CONFESSION OF JUDGMENT.** BORROWER HEREBY IRREVOCABLY AUTHORIZES AND EMPOWERS ANY ATTORNEY OR THE PROTHONOTARY OR CLERK OF ANY COURT IN THE COMMONWEALTH OF PENNSYLVANIA OR ELSEWHERE, TO APPEAR AT ANY TIME

FOR BORROWER AFTER A DEFAULT UNDER THIS NOTE AND WITH OR WITHOUT COMPLAINT FILED, CONFESS OR ENTER JUDGMENT AGAINST BORROWER FOR THE ENTIRE PRINCIPAL BALANCE OF THIS NOTE AND ALL ACCRUED INTEREST, LATE CHARGES AND ANY AND ALL AMOUNTS EXPENDED OR ADVANCED BY LENDER RELATING TO ANY COLLATERAL SECURING THIS NOTE, TOGETHER WITH COSTS OF SUIT, AND AN ATTORNEY'S COMMISSION OF TEN PERCENT (10%) OF THE UNPAID PRINCIPAL BALANCE AND ACCRUED INTEREST FOR COLLECTION, BUT IN ANY EVENT NOT LESS THAN FIVE HUNDRED DOLLARS ($500) ON WHICH JUDGMENT OR JUDGMENTS ONE OR MORE EXECUTIONS MAY ISSUE IMMEDIATELY; AND FOR SO DOING, THIS NOTE OR A COPY OF THIS NOTE VERIFIED BY AFFIDAVIT SHALL BE SUFFICIENT WARRANT. THE AUTHORITY GRANTED IN THIS NOTE TO CONFESS JUDGMENT AGAINST BORROWER SHALL NOT BE EXHAUSTED BY ANY EXERCISE OF THAT AUTHORITY, BUT SHALL CONTINUE FROM TIME TO TIME AND AT ALL TIMES UNTIL PAYMENT IN FULL OF ALL AMOUNTS DUE UNDER THIS NOTE. BORROWER HEREBY WAIVES ANY RIGHT BORROWER MAY HAVE TO NOTICE OR TO A HEARING IN CONNECTION WITH ANY SUCH CONFESSION OF JUDGMENT AND STATES THAT EITHER A REPRESENTATIVE OF LENDER SPECIFICALLY CALLED THIS CONFESSION OF JUDGMENT PROVISION TO BORROWER'S ATTENTION OR BORROWER HAS BEEN REPRESENTED BY INDEPENDENT LEGAL COUNSEL.

PRIOR TO SIGNING THIS NOTE, EACH BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE, INCLUDING THE VARIABLE INTEREST RATE PROVISIONS AND THE NOTICE TO COSIGNER SET FORTH BELOW. EACH BORROWER AGREES TO THE TERMS OF THE NOTE.

BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

THIS NOTE IS GIVEN UNDER SEAL AND IT IS INTENDED THAT THIS NOTE IS AND SHALL CONSTITUTE AND HAVE THE EFFECT OF A SEALED INSTRUMENT ACCORDING TO LAW.

BORROWER:

X _____ (Seal)
DARYL F SWARTZ

X _____ (Seal)
ELAINE R SWARTZ

## NOTICE TO COSIGNER

You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.

The Lender can collect this debt from you without first trying to collect from the borrower. The Lender can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of YOUR credit record.

This notice is not the contract that makes you liable for the debt.

LASER PRO Lending, Ver. 5.22.30.002 Copr. Harland Financial Solutions, Inc. 1997, 2003. All Rights Reserved. - PA Q:\CFI\LPL\D20.FC TR-6302 PR-1

Borrower Name:   Daryl F Swartz and Elaine R Swartz

## ALLONGE

This Allonge is made to that certain Promissory Note dated December 29, 2003 in the original principal amount of $1,160,000.00 from Daryl F Swartz and Elaine R Swartz to Orrstown Bank, together with all renewals, assignments, amendments, supplements, restatements and/or modifications.

It is intended that this Allonge be attached to and made a permanent part of the above-referenced Note.

Pay to the order of **MAGNOLIA PORTFOLIO, LLC**, a Delaware limited liability company ("**Assignee**"), without recourse or representation or warranty, express, implied or by operation of law, of any kind and nature whatsoever, except as expressly provided in the Loan Sale Agreement dated December 20, 2012 (the "Sale Agreement"), between **ORRSTOWN BANK**, a Pennsylvania banking corporation, and Assignee, including, without limitation, the representations and warranties pursuant to Article VII of the Sale Agreement and the indemnification obligations and other covenants, rights and remedies therein.

Executed effective as of December 20, 2012.

                                            **ORRSTOWN BANK**, a Pennsylvania banking corporation

                                            By: _____
                                            Name: Zachary M. Flynn
                                            Title:  SVP, SAG Director
                                            Special Assets Group

Orrstown Bank Offering # ███
Pool # 100
Reference # ███

# ALLONGE

THIS ALLONGE IS TO BE ATTACHED TO AND MADE AN INTEGRAL PART of the following instrument:

Note: Promissory Note
Dated: December 29, 2003
Payable by: DARYL F SWARTZ AND ELAINE R SWARTZ
Payable to the Order of: ORRSTOWN BANK
Original Principal Amount: One Million One Hundred Sixty Thousand and 00/100 Dollars ($1,160,000.00)

PAY TO THE ORDER OF MAGNOLIA PORTFOLIO ALPHA, LLC, A DELAWARE LIMITED LIABILITY COMPANY, WITHOUT RECOURSE AND WITHOUT REPRESENTATION OR WARRANTY, EXPRESS, IMPLIED OR BY OPERATION OF LAW, OF ANY KIND AND NATURE WHATSOEVER.

MAGNOLIA PORTFOLIO, LLC, a Delaware limited liability company

By: _____
Name: Vanessa A. Orta
Title: Attorney-in-Fact

Dated this 8th of August, 2013

AMO Ref.: ▮
Loan Name: SWARTZ DARYL F
Loan Ref.: ▮
Portfolio: Orrstown

# ALLONGE

THIS ALLONGE IS TO BE ATTACHED TO AND MADE AN INTEGRAL PART OF THE FOLLOWING INSTRUMENT:

| | |
|---|---|
| Note: | Promissory Note |
| Dated: | December 29, 2003 |
| Borrowers/Makers: | Daryl F. Swartz and Elaine R. Swartz |
| Original Payee: | Orrstown Bank |
| Original Principal Amount: | One Million One Hundred Sixty Thousand and 00/100 Dollars ($1,160,000.00) |

**PAY TO THE ORDER OF MAGNOLIA ORRSTOWN ROAD HOLDINGS, LLC, A PENNSYLVANIA LIMITED LIABILITY COMPANY, WITHOUT RECOURSE AND WITHOUT REPRESENTATION OR WARRANTY, EXPRESS, IMPLIED, OR BY OPERATION OF LAW, OF ANY KIND AND NATURE WHATSOEVER.**

Dated this 16th of October, 2015

**MAGNOLIA PORTFOLIO ALPHA, LLC,**
**a Delaware limited liability company**

_[signature]_

Name: Mark E. Foster

Its: Authorized Signatory

# ENDORSEMENT AND ALLONGE TO PROMISSORY NOTE

PAY to the order of CENTRAL PENN CAPITAL MANAGEMENT, LLC, a Pennsylvania limited liability company, without warranty representation or recourse of any kind (except as set forth in that certain Non-Recourse Agreement for Purchase and Sale of Loan Documents dated December __23__, 2015), that Promissory Note dated December 29, 2003 in the original principal amount of One Millions One Hundred Sixty Thousand and 00/100 Dollars ($1,160,000.00) executed by DARYL F. SWARTZ and ELAINE R. SWARTZ, jointly and severally, in favor of ORRSTOWN BANK, a Pennsylvania banking corporation, as assigned to MAGNOLIA PORTFOLIO, LLC, a Delaware limited liability company, as subsequently assigned to MAGNOLIA PORTFOLIO ALPHA LLC, a Delaware limited liability company, and as subsequently assigned to MAGNOLIA ORRSTOWN ROAD HOLDINGS, LLC, a Pennsylvania limited liability company.

      MAGNOLIA ORRSTOWN ROAD HOLDINGS, LLC,
a Pennsylvania limited liability company

By:    Sabal Financial Group, L.P.
Its:    Manager

By: _____

Name:     Mark E. Foster

Title:    Authorized Signatory

Dated as of December __23__, 2015

Borrower Name: Daryl F Swartz and Elaine R Swartz

## ALLONGE

This Allonge is made to that certain Promissory Note dated December 29, 2003 in the original principal amount of $1,160,000.00 from Daryl F Swartz and Elaine R Swartz to Orrstown Bank, together with all renewals, assignments, amendments, supplements, restatements and/or modifications.

It is intended that this Allonge be attached to and made a permanent part of the above-referenced Note.

Pay to the order of **MAGNOLIA PORTFOLIO, LLC**, a Delaware limited liability company ("**Assignee**"), without recourse or representation or warranty, express, implied or by operation of law, of any kind and nature whatsoever, except as expressly provided in the Loan Sale Agreement dated December 20, 2012 (the "Sale Agreement"), between **ORRSTOWN BANK**, a Pennsylvania banking corporation, and Assignee, including, without limitation, the representations and warranties pursuant to Article VII of the Sale Agreement and the indemnification obligations and other covenants, rights and remedies therein.

Executed effective as of December 20, 2012.

**ORRSTOWN BANK**, a Pennsylvania banking corporation

By: _____
Name: Zachary M. Flynn
Title: SVP, SAG Director
Special Assets Group

Orrstown Bank Offering # ▮
Pool # 100
Reference # ▮

# ALLONGE

THIS ALLONGE IS TO BE ATTACHED TO AND MADE AN INTEGRAL PART of the following instrument:

Note: Promissory Note
Dated: December 29, 2003
Payable by: DARYL F SWARTZ AND ELAINE R SWARTZ
Payable to the Order of: ORRSTOWN BANK
Original Principal Amount: One Million One Hundred Sixty Thousand and 00/100 Dollars ($1,160,000.00)

PAY TO THE ORDER OF MAGNOLIA PORTFOLIO ALPHA, LLC, A DELAWARE LIMITED LIABILITY COMPANY, WITHOUT RECOURSE AND WITHOUT REPRESENTATION OR WARRANTY, EXPRESS, IMPLIED OR BY OPERATION OF LAW, OF ANY KIND AND NATURE WHATSOEVER.

MAGNOLIA PORTFOLIO, LLC, a Delaware limited liability company

By: _____
Name: Vanessa A. Orta
Title: Attorney-in-Fact

Dated this 8th of August, 2013

AMO Ref.: [redacted]
Loan Name: SWARTZ DARYL F
Loan Ref.: [redacted]
Portfolio: Orrstown

# ALLONGE

THIS ALLONGE IS TO BE ATTACHED TO AND MADE AN INTEGRAL PART OF THE FOLLOWING INSTRUMENT:

| | |
|---|---|
| Note: | Promissory Note |
| Dated: | December 29, 2003 |
| Borrowers/Makers: | Daryl F. Swartz and Elaine R. Swartz |
| Original Payee: | Orrstown Bank |
| Original Principal Amount: | One Million One Hundred Sixty Thousand and 00/100 Dollars ($1,160,000.00) |

**PAY TO THE ORDER OF MAGNOLIA ORRSTOWN ROAD HOLDINGS, LLC, A PENNSYLVANIA LIMITED LIABILITY COMPANY, WITHOUT RECOURSE AND WITHOUT REPRESENTATION OR WARRANTY, EXPRESS, IMPLIED, OR BY OPERATION OF LAW, OF ANY KIND AND NATURE WHATSOEVER.**

Dated this 16th of October, 2015

**MAGNOLIA PORTFOLIO ALPHA, LLC,**
**a Delaware limited liability company**

_/s/ Mark E. Foster_

Name: Mark E. Foster

Its: Authorized Signatory

## ENDORSEMENT AND ALLONGE TO PROMISSORY NOTE

     PAY to the order of CENTRAL PENN CAPITAL MANAGEMENT, LLC, a Pennsylvania limited liability company, without warranty representation or recourse of any kind (except as set forth in that certain Non-Recourse Agreement for Purchase and Sale of Loan Documents dated December 23, 2015), that Promissory Note dated December 29, 2003 in the original principal amount of One Millions One Hundred Sixty Thousand and 00/100 Dollars ($1,160,000.00) executed by DARYL F. SWARTZ and ELAINE R. SWARTZ, jointly and severally, in favor of ORRSTOWN BANK, a Pennsylvania banking corporation, as assigned to MAGNOLIA PORTFOLIO, LLC, a Delaware limited liability company, as subsequently assigned to MAGNOLIA PORTFOLIO ALPHA LLC, a Delaware limited liability company, and as subsequently assigned to MAGNOLIA ORRSTOWN ROAD HOLDINGS, LLC, a Pennsylvania limited liability company.

          MAGNOLIA ORRSTOWN ROAD HOLDINGS, LLC,
a Pennsylvania limited liability company

By:    Sabal Financial Group, L.P.
Its:    Manager

By:   _/s/ Mark E. Foster_

Name:   Mark E. Foster

Title:  Authorized Signatory

Dated as of December 23, 2015