IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(HARRISBURG)

| | |
|---|---|
| In re: ) | Case No. 19-bk-1790-HWV |
| ) | Chapter 13 |
| DARYL F. SWARTZ, *et al.*, ) | |
| ) | |
| Debtors. ) | |
| ) | |
| DARYL F. SWARTZ, *et al.*, ) | |
| ) | |
| Objectors, ) | |
| ) | |
| vs. ) | |
| ) | |
| DEPARTMENT OF THE TREASURY, ) | |
| INTERNAL REVENUE SERVICE ) | |
| ) | |
| Claimant. ) | |

## UNITED STATES' NOTICE OF SUBSEQUENT AUTHORITY

The United States hereby gives notice of the Third Circuit's recent decision in *In re Smith*, which discussed the doctrine of res judicata in the context of a motion to modify a chapter 13 plan. --- F.4d ---, No. 22-3418, 2024 WL 2309156 (3d Cir. May 22, 2024). The United States respectfully directs this Court's attention to the following passage, as well as the decision's discussion of this Court's holding in *In re Conrad*:

> **Section 1327(a) of the Bankruptcy Code effectively codifies the res judicata doctrine as it relates to confirmed bankruptcy plans**: "The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." According to a leading treatise, "[t]he purpose of section 1327(a) is the same as the purpose served by the general doctrine of res judicata." 8 Collier on Bankruptcy ¶ 1327.02[1] (16th ed. 2023). "There must be finality to a confirmation order so that all parties may rely upon it without concern that actions that they may later take could be upset because of a later change or revocation of the order." Id.
>
> Accordingly, "[c]onfirmation has preclusive effect, foreclosing relitigation of 'any issue actually litigated by the parties and any issue necessarily determined by the

confirmation order.'" *Bullard v. Blue Hills Bank*, 575 U.S. 496, 502, 135 S.Ct. 1686, 191 L.Ed.2d 621 (2015) (quoting 8 Collier on Bankruptcy ¶ 1327.02[1][c]). **Further, confirmation "bars all challenges to the plan that could have been raised."** *In re Arctic Glacier Int'l, Inc.*, 901 F.3d 162, 166 (3d Cir. 2018), as amended (Oct. 24, 2018) (emphasis added); *In re Szostek*, 886 F.2d 1405, 1408 (3d Cir. 1989) ("Under § 1327, a confirmation order is res judicata as to all issues decided or which could have been decided at the hearing on confirmation.").

*Id.*, at \*6 (emphasis added).

DATE: May 30, 2024

                                     Respectfully submitted,

                                     DAVID A. HUBBERT
                                     Deputy Assistant Attorney General

                                     /s/ Ward W. Benson
                                     WARD W. BENSON
                                     Trial Attorney, Tax Division
                                     U.S. Department of Justice
                                     P.O. Box 227, Ben Franklin Station
                                     Washington, DC 20044
                                     Tel: (202) 514-9642
                                     Fax: (202) 514-6866
                                     Email: ward.w.benson@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that the foregoing NOTICE was filed with the Clerk of the Court on May 30, 2024, using the CM/ECF system, which will send notification of such filing to all parties appearing in said system, including:

Jack N. Zaharopoulos
*Chapter 13 Trustee*

and

Brian W. Bisignani
*Counsel to Orrstown Personal Care Home, Inc.*

and

Lawrence V. Young
*Counsel to Debtors*

/s/ Ward W. Benson
WARD W. BENSON